UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Karlis Ray Baisden,

    Petitioner,        File No. 19-cv-400 (WMW/LIB)

v.

                **REPORT AND RECOMMENDATION**

Warden R. Marques,

    Respondent.

   This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Karlis Ray Baisden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

   For the reasons set forth herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED** without prejudice.

**I. Background**

   Petitioner was convicted in the United States District Court for the Northern District of Iowa on one count of bank robbery, one count of interstate transportation of a stolen vehicle, and one count of possession of a firearm in relation to a crime of violence. On December 12, 2012, Petitioner was sentenced to 120 months of imprisonment to be followed by a three year term of supervised release. (See, Public Information Inmate Data [Docket No. 12-2]).

   Petitioner is currently incarcerated at the Federal Corrections Institution in Sandstone, Minnesota ("FCI Sandstone"). (Petition [Docket No. 1]). He has a projected release date of February 6, 2020, via the current good conduct time calculation. (See, Id.).

On February 19, 2019, Petitioner initiated the present action by filing his Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1], in this Court.

## II. Discussion

Petitioner argues that the Bureau of Prisons (hereinafter "BOP") should immediately recalculate his good conduct credit in accordance with the First Step Act of 2018's amendments to § 18 U.S.C. 3264(b) affecting the calculation of good time credits to expedite his release date. (See, Petitioner [Docket No. 1]).

### A. Exhaustion of Administrative Remedies

It is well established that a federal prisoner seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must first exhaust the administrative remedies available to him. See, Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."); Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974) ("If grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). In the present case, the Petition indicates that Petitioner has not exhaust the administrative remedies available to him. (Petition, [Docket No. 1], at 3–5).

The exhaustion requirement is not jurisdictional. See, Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007). It is, however, generally enforced absent circumstances which justify an exception. See,e.g., Masri v. Watson, No. 16-cv-4132 (MJD/FLN), 2017 WL 1131891 (D. Minn. Feb. 17, 2017) (denying habeas petition for failure to exhaust all available administrative remedies); Knox v. United States, No. 16-cv-879 (WMW/KMM), 2016 WL 6022940 (D. Minn. Oct. 13, 2016) (same); Aguilar v. United States, No. 15-cv-487 (SRN/JSM), 2015 WL 5719166,

at *2 (D. Minn. Sept. 29, 2015) (noting that "habeas petitioners can be excused from the exhaustion requirement if proceeding through the administrative remedy process would undoubtedly be an exercise in futility that could serve no useful purpose"). The Eighth Circuit has held that a Federal District Court may err by considering the merits of a petition for a writ of habeas corpus when the petitioner "failed to demonstrate he had" properly exhausted his administrative remedies prior to seeking habeas corpus relief. See, United States v. Thompson, 297 F. App'x 561, 562 (8th Cir. 2008).

There are exceptions, however, to the exhaustion requirement for habeas petitioners, including when requiring a habeas petitioner to exhaust all available administrative remedies would be futile and serve no useful purpose. See, Aguilar, 2015 WL 5719166, at *2. Courts have also excused the exhaustion requirement when the issues raised in the action are time-sensitive and may become moot without expeditious judicial resolution. See, Simon v. L. LaRiva, No. 16-cv-146 (ADM/TNL), 2016 WL 1626819, at *3–4 (D. Minn. March 10, 2016).

In the present case, the undersigned is cognizant that Petitioner contends that he may be improperly denied an earlier release date via good time credit if the present matter is not resolved in a timely manner. The time-sensitive nature of Petitioner's claim, combined with the relative ease of their resolution, persuades the undersigned to recommend that the Court excuse the exhaustion requirement and address Petitioner's claims.

### B. First Step Act

Petitioner argues that the Bureau of Prisons (hereinafter "BOP") should immediately recalculate his good conduct credit in accordance with the First Step Act's amendments to § 18 U.S.C. 3264(b) affecting the calculation of good time credits to expedite his release date. (See, Petitioner [Docket No. 1]). Petitioner offers three grounds in support of his argument: that the

BOP's delayed implementation of the First Step Act defies Congressional intent in the Act; that the "Good Time 'Fix' in the First Step Act's Amendment to § 3624(b) contains its own 'Effective Date' Instruction, and therefore delaying that intent is contrary to law and renders the statute surplusage"; and alternatively, "if any ambiguity exist in interpreting the statute [as to] when good time is intended to be implemented or how it is calculated . . . the rule of lenity should apply." (Petition, [Docket No. 1], at 6–7). Although Petitioner presents these grounds as three separate grounds for relief, each argument is predicated on the idea that the BOP is misinterpreting the First Step Act to include a provision which permits a delay of the Act's implementation. (See, Id. at 6–9).

The First Step Act, Public Law 115-391, was enacted on December 21, 2018, to amend 18 U.S.C. § 3264(b). Before said amendment, 18 U.S.C. § 3264(b), as interpreted by the BOP, provided that 47 days of good conduct time be credited for each year of imprisonment served, not for the term of imprisonment imposed by the Court. See, Barber v. Thomas, 560 U.S. 474, 477–80 (2010) (explaining and finding permissive the BOP's calculation method). Pursuant to that calculation method, as upheld by the Supreme Court of the United States, prisoners received 47 days of good time credit per year of actual imprisonment. See, Id. at 479.

Section 102(b)(1) of the First Step Act amends 18 U.S.C. § 3624(b) to change the manner in which good conduct credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. Specifically, the Act will permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed by the Court—as opposed to—each year served. However, despite Petitioner's assertions to the contrary, this provision of Section 102(b)(1) has not yet taken effect.

Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b), such as the amendment to the manner in which good conduct credits are calculated, are to "take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system" as required by Section 101(a) of the Act. Pursuant to Section 101(a) of the Act, the Attorney General must "develop and release" the "risk and needs assessment system" by no "later than 210 days after the date of enactment of" the Act, or July 18, 2019.

It is well settled law, that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253–54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." Id. at 254 (quotations omitted) (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)). Pursuant to these longstanding principals, Courts "must enforce plain and unambiguous statutory language according to its terms." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 251 (2010).

As previously discussed, the First Step Act, clearly and unambiguously, provides that it does not take immediate effect. Rather, the language of the Act plainly provides that Section 102(b) only takes "effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system" as required by Section 101(a) of the Act. And pursuant to Section 101(a) of the Act, the Attorney General must "develop and release" the "risk and needs assessment system" by no "later than 210 days after the date of enactment of" the Act, or July 18, 2019.

Accordingly, Section 102(b)'s amended of 18 U.S.C. § 3264(b)(1) does not go into effect until July 18, 2019. Although the amendments through the First Step Act are relatively new, other Courts have considered the same argument raised here by Petitioner, and those Courts,

5

including Courts in this District, have reached the same conclusion as this Court now reaches, i.e., Section 102(b) does not go into effect until July 18, 2019. See, e.g., Robertson v. R. Marques, No. 19-cv-1009 (WMW/SER), Report and Recommendation, [Docket No. 13], at 2–5 (D. Minn. May 8, 2019) (collecting cases); Jarif v. Barnes, No. 19-cv-456 (JNE/DTS), Report and Recommendation [Docket No. 9] (D. Minn. Apr. 12, 2019) adopted by Order [Docket No. 10] (D. Minn. May 13, 2019); Critten v. White, No. 1:19-cv-669, 2019 WL 1866501, at *2 (M.D. Pa. Apr. 29, 2019); Matthews v. Williams, No. 4:19-cv-519, 2019 WL 1639776, at *1–2 (N.D. Ohio Apr. 16, 2019 (collecting cases); Oscar Molina v. Underwood, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *1–2 (N.D. Tex. Mar. 19, 2019) report and recommendation adopted, 2019 WL 1531853 (N.D. Tex. Apr. 9, 2019); Rizzolo v. Puentes, No. 1:19-cv-290-SKO-HC, 2019 WL 1229772, at *2 (E.D. Cal. Mar. 15, 2019); Schmutzler v. Quintana, No. 5:19-cv-46-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). "Because the amendments to § 3624(b)(1) are not [yet] in effect, the BOP has no statutory authority to recalculate [Petitioner's] good time credit until the relevant provision of the First Step Act takes effect." Robertson v. R. Marques, No. 19-cv-1009 (WMW/SER), Report and Recommendation, [Docket No. 13], at 4 (D. Minn. May 8, 2019) (citing Christopher v. Wilson, 2019 WL 1745968, at *2 (N.D. Tex. Apr. 18, 2019); Matthews v. Williams, 2019 WL 1639776, at *2 (N.D. Ohio Apr. 16, 2019); Roy v. United States Bureau of Prisons, 2019 WL 1441622, at *2 (E.D. Wash. Apr. 1, 2019)).

Petitioner's claim that the BOP must immediately recalculate his good conduct credit is without merit. At the present time, Petitioner's request for a recalculation of his good conduct time is simply premature.[1]

---

[1] Because the Court finds Petitioner's request for recalculation to be premature based on unambiguous language of the First Step Act, the Court does not, with one limited exception discussed later in this footnote, address Petitioner's alternative arguments. The Court will, however, address one alternative argument Petitioner raises in support of his Petition. (See, Petitioner's Reply, [Docket No. 21, at 13–14]. To the extent Petitioner argues that if the

Petitioner cannot presently request that the BOP recalculate his good conduct credit because the amendment to 18 U.S.C. § 3264(b)(1) which would allow the BOP to do so has not yet taken affect. After the relevant amendment takes effect on July 18, 2019, Petitioner may then request the BOP recalculate his good conduct credit, however, that request should first be made to the BOP through the appropriate administrative process.

### III. CONCLUSION

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED;** and

2. This action be **DISMISSED without prejudice.**

Dated: June 6, 2019                                             s/Leo I. Brisbois
                                                                Leo I. Brisbois
                                                                U. S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

First Step Act is not yet applicable, this Court should overrule Barber v. Thomas, 560 U.S. 474, 477–80 (2010) and order the BOP to recalculate Petitioner's good conduct credit, the Court finds that argument unpersuasive. This Court, "like any other state or federal court, is bound by [the Supreme Court of the United States'] interpretation of federal law." James v. City of Boise, Idaho, 136 S.Ct. 685, 685 (2016). Despite Petitioner's request to the contrary, this Court is without power to overrule a prior holding of the Supreme Court of the United States. See, e.g., Id.