UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Karlis Ray Baisden, | Case No. 19-cv-0400 (WMW/LIB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| R. Marques, Warden, | |
| Respondent. | |

This matter is before the Court on the June 6, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 26.) The R&R recommends denying Petitioner Karlis Ray Baisden's petition for a writ of habeas corpus as premature.

Baisden, who currently is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, filed the instant petition for a writ of habeas corpus in February 2019. Baisden challenges the method that the Federal Bureau of Prisons (BOP) uses to calculate good-conduct time credited to his term of imprisonment. Baisden argues that the First Step Act of 2018, Pub. L. No. 115-391, § 102, 132 Stat. 5194 (2018) (the Act) is a "good time fix" that manifests Congress's intent that good-conduct time should be calculated based on the term of imprisonment imposed by a sentencing judge.

Prior to the passage of the Act, the BOP interpreted Title 18, United States Code, Section 3624(b), to permit the calculation of good time based on the length of time that a prisoner actually serves rather than the length of the sentence imposed. *See Barber v.*

*Thomas*, 560 U.S. 474, 477-80 (2010). The Act amends Section 3624(b) to require calculating good time credit based on the length of a prisoner's sentence imposed by the court.

Baisden argues that the BOP should have immediately recalculated his good time credit upon the passage of the Act. The Act does not take effect, however, until the Attorney General "completes and releases the risk and needs assessment system." Pub. L. No. 115-391, § 102, 132 Stat. at 5213. The Act provides the Attorney General 210 days to complete and release the risk and needs assessment system. This 210-day period expired on July 19, 2019, but before that date, the amendments to Section 3624(b) were not in effect. It is on this ground that the R&R recommends denying Baisden's habeas petition as premature. Baisden timely objected to this aspect of the R&R.[1]

This Court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The R&R correctly determined that when Baisden filed his habeas petition and when the R&R was issued, the BOP lacked statutory authority to recalculate Baisden's good time credit because the amendments to Section 3624(b) were not in effect. *See*

---

[1] Baisden subsequently filed a motion to amend his objection, (Dkt. 29), and an amended objection, (Dkt. 30), claiming that he discovered "new evidence" that the BOP had already begun recalculating the good time credit for other inmates. The Court generally limits its review to matters addressed in the R&R. *See United States v. Thornton*, No. 13-mc-87, 2015 WL 1522245, at *3 (D. Minn. March 27, 2015). And even if the Court considered Baisden's "new evidence" it would not alter the Court's analysis here. Therefore, the Court denies Baisden's motion to amend his objections and does not consider the amended objections.

2

*Robertson v. Marques*, No. 19-cv-1009, 2019 WL 2464805, at *1 (D. Minn. June 13, 2019). The date that these amendments were due to go into effect has since passed. But despite this change in circumstances, denial of Baisden's habeas petition nonetheless is warranted as the record does not establish that Baisden has exhausted available administrative remedies. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."). For these reasons, the Court denies Baisden's habeas petition and dismisses this case without prejudice.[2]

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The objection of Petitioner Karlis Ray Baisden, (Dkt. 27), is **OVERRULED**;

2. The June 6, 2019 R&R, (Dkt. 26), is **ADOPTED AS MODIFIED**;

3. Petitioner Karlis Ray Baisden's petition for a writ of habeas corpus, (Dkt. 1), is **DENIED**;

4. Petitioner Karlis Ray Baisden's Emergency Motion to Expedite Proceedings, (Dkt. 28), is **DENIED**;

5. Petitioner Karlis Ray Baisden's motion to amend his objection to the R&R, (Dkt. 29), is **DENIED**; and

---

[2] Baisden also filed an "Emergency Motion to Expedite Proceedings," (Dkt. 28), claiming that he would suffer irreparable harm if his good time credit were not recalculated immediately. Even if the relief requested in Baisden's habeas petition were granted, Baisden would not have been released from prison for several more months. Therefore, Baisden's motion to expedite is denied.

6. This case is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 15, 2019						s/Wilhelmina M. Wright
											Wilhelmina M. Wright
											United States District Judge